IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR FLORES-RODRIGUEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent.<br>_____/ | No. CR 10-00402 SI<br>(Civil No. 11-5422 SI)<br><br>**ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 AND DENYING A CERTIFICATE OF APPEALABILITY** |

Petitioner Oscar Flores-Rodriguez, an inmate at the Federal Correctional Complex in Yazoo City, Mississippi, filed this pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons discussed below, the petition is DENIED.

**BACKGROUND**

In May 2010, petitioner was indicted on a single count charging him with illegal reentry following deportation, in violation of 8 U.S.C. § 1326. *See* Indictment. In December 2010, petitioner entered into a binding plea agreement with the government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(c), and pleaded guilty to the single-count indictment. *See* Plea Agreement. Under the terms of the binding plea agreement, petitioner waived both the right to appeal and to collaterally attack his conviction and sentence. *Id.* at 2-3. Further, the parties agreed that an appropriate disposition of the case under the Sentencing Guidelines and 18 U.S.C. § 3553(a), was a sentence of imprisonment at the middle of the Guidelines range for the adjusted offense level of 17, and the applicable criminal history category as determined by the court. *Id.* at 4. Petitioner's criminal history category was calculated in the PSR and by the court to be at level VI, yielding an advisory Guidelines range of 51-63

months imprisonment. United States Opposition to Petitioner's Motion Under 28 U.S.C. § 2255 ("Opposition Memo") at 2. In accordance with the binding plea agreement, the court sentenced petitioner to 57 months custody in the Bureau of Prisons, followed by three years of supervised release. Judgment at 2-3. Petitioner did not file a direct appeal, but on November 7, 2011, he filed this motion under 28 U.S.C. § 2255. Motion Under § 2255 to Vacate, Set aside, or Correct a Sentence by a Person in Federal Custody ("Motion") and Brief in Support of 28 U.S.C. § 2255 Motion ("Supporting Brief").

## STANDARD OF REVIEW

A prisoner in custody under sentence of a federal court who wishes to attack collaterally the validity of his conviction or sentence must do so by filing a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 in the court which imposed the sentence. Under 28 U.S.C. § 2255, the federal sentencing court is authorized to grant relief if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." *See Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). If the court finds that relief is warranted under Section 2255, it must "vacate and set the judgment aside" and then do one of four things: "discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b); *see also United States v. Barron*, 172 F.3d 1153, 1157 (9th Cir. 1999).

## DISCUSSION

In his section 2255 motion, petitioner asserts that: (1) counsel was ineffective in several different ways; (2) his sentence was imposed in violation of the plea agreement; (3) he was improperly denied credit for state jail time served; and (4) counsel disregarded his request to file a notice of appeal. Motion at 5, Supporting Brief at 2-3.

### I.     Ineffective Assistance of Counsel

Petitioner claims that counsel was ineffective for: (I) failing to file timely objections to the PSR;

2

(ii) failing to argue for a sentence at the bottom of the Guidelines range; (iii) failing to inform the court of his eligibility for prior jail credits; (iv) failing to perfect the record for appeal; and (v) failing to file a timely notice of appeal.

### A.     Legal Standard

In order to succeed on an ineffective assistance of counsel claim, the petitioner must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which requires him to show deficient performance and prejudice. Deficient performance requires a showing that trial counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional norms. *See Wiggins v. Smith*, 539 U.S. 510, 521 (2003). To establish prejudice, petitioner must show a reasonable probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694.

### B.     Analysis

In claim (I), petitioner contends that counsel was ineffective for failing to file timely objections to the PSR. Supporting Brief at 2. This contention lacks merit. Petitioner fails to identify any objections to the PSR that counsel should have made which would have affected the advisory Guidelines calculation, or any objections that he requested but counsel refused to make. Under these circumstances, counsel's failure to file objections to the PSR does not constitute deficient performance. *See Strickland,* 466 U.S. at 687-89.

In claims (ii) (iv) and (v), petitioner challenges counsel's failure to argue for a sentence at the bottom of the Guidelines range, and his failure to perfect and file the record on appeal. Supporting brief at 2-3. These claims also lack merit. In the binding plea agreement the parties agreed that an appropriate disposition of the case was a sentence at the middle of the Guidelines range that was ultimately determined by the court. Plea Agreement at 4. Further, in the plea agreement petitioner expressly waived the right to appeal his conviction and the right to collaterally attack his sentence. *Id.* at 2-3. Accordingly, any argument for a sentence at the bottom of the Guidelines range, and any attempt to file a notice of appeal or to otherwise prepare the case for appeal, would have violated the terms of

the plea agreement. In view of the plea agreement, counsel's so-called "failure" to take these actions did not constitute deficient performance. *See Strickland,* 466 U.S. at 687-89.

In claim (iii), petitioner argues that counsel was ineffective for failing to inform the court that he should receive credit for state jail time that he served. Supporting Brief at 2. This claim also lacks merit. *See United States v. Peters*, 470 F.3d 907, 909 (9th Cir. 2006) (per curiam) (finding that district courts lack authority at sentencing to give credit for time served). Accordingly, counsel was not ineffective for failing to raise this frivolous argument. *See Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985) (failure to raise meritless arguments does not constitute ineffective assistance of counsel).

## II.     Violation of the Plea Agreement

Petitioner claims that the sentence imposed violated the terms of the plea agreement, because he was led to believe that he would be sentenced to the bottom of the 51-63 month sentencing range that was determined by the court. Supporting Brief at 3. This argument is directly belied by the plain language of the plea agreement, which called for a sentence at the middle of the Guidelines range that was determined by the court. Plea Agreement at 4. Petitioner received the benefit of his bargain when he was sentenced in accordance with his plea agreement.

## III.    Denial of Jail Time Credits

Petitioner contends that he was improperly denied credit toward his federal sentence for time he had served in state custody. Supporting Brief at 4-5. This contention lacks merit. The district court is not authorized to compute credit for time served at sentencing. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (finding that the Attorney General, through the BOP, is responsible for administering an offender's sentence by computing their jail-time credit).

## IV.    Failure to File a Notice of Appeal

Petitioner contends that counsel disregarded his request to file a notice of appeal, thereby entitling him to file an out-of -time appeal. Supporting Brief at 6. To the extent that petitioner is renewing his claim that counsel was ineffective for failing to perfect and file the record on appeal, that

4

matter has already been considered and rejected by the Court *supra*. Insofar as petitioner is seeking to file an out of time appeal, that request is also denied. Petitioner fails to provide any declaration or point to any evidence in the record that would suggest he ever requested counsel to take such action in the first instance. Petitioner cites no grounds on which he would base an appeal, as he received precisely what he bargained for when the court imposed a sentence in the middle of the Guidelines range. In any event, the district court lacks the authority to order an out-of-time appeal. *See United States v. Pearce*, 992 F.2d 1021, 1022 (9th Cir.1993). This should be especially true in this instance, where petitioner affirmatively waived his right to appeal through a binding plea agreement.

## V. Appealability

Absent a certificate of appealability ("COA") from the circuit court or the district court, "an appeal may not be taken from a final decision of a district judge in a habeas corpus proceeding or a proceeding under 28 U.S.C. § 2255." *See Chafin v. Chafin*, 133 S.Ct. 1017, 1030 (2013). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons set out above, jurists of reason would not find the result debatable.

## CONCLUSION

For the foregoing reasons, the 28 U.S.C. section 2255 petition for a writ of habeas corpus is DENIED. A Certificate of Appealability also is DENIED. *See* 28 U.S.C. § 2253(c) (1)(B).

**IT IS SO ORDERED.**

Dated: August 1, 2013

SUSAN ILLSTON
United States District Judge

5